UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Mathew David Aho,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>Michael Obenland,<br><br>　　　　　　　　Respondent. | CASE NO. 3:19-cv-05046-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 28, 2019 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Mathew David Aho filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. *See* Dkt. 3. The Court concludes the state court's adjudication of Petitioner's sole ground for relief that he received ineffective assistance of appellate counsel, was not contrary to, or an unreasonable application of, clearly established federal law. Therefore, the undersigned recommends the Petition be denied.

# BACKGROUND

## I.  Basis for Custody

Petitioner Mathew David Aho is in Washington State custody and confined at Monroe Correctional Complex in Monroe, Washington. He was convicted in Pierce County Superior Court by jury verdict of residential burglary, theft of a firearm, second-degree unlawful possession of a firearm (two counts), unlawful possession of a controlled substance, and a misdemeanor count of unlawful use of drug paraphernalia. Dkt. 8, Exhibits 5, 6. He was sentenced to 210 months imprisonment. *Id.*

## II.  Factual Background

The Washington Court of Appeals summarized the facts of Petitioner's case as follows:

> On November 7, 2010, Jillian Newkirk and her then boyfriend, Matt Aho, together with Nathan Rolfe and Brandi Snow, lured Bruce Gambill out of his house with the intention of entering Gambill's home and stealing his property. Snow testified that she later saw Aho handling an "older western type" small gun that she had not seen before the group went to Gambill's. Verbatim Report of Proceedings (VRP) (Aug. 22, 2012) at 270.
>
> In December, Gambill reported to police that the missing weapon was a .357 Ruger revolver. Later, Gambill called Deputy Tony Filing to tell him that he made a mistake, and that it was his 10 mm handgun that was missing.
>
> On January 28, 2011, deputies searched the Newkirk residence, including the fifth-wheel trailer where Newkirk and Aho lived together, and Newkirk's vehicle. During the search, deputies found 22-caliber magazines, 9 mm magazines, 9 mm ammunition in a box addressed to Aho, and "several 9 [mm] rounds" in a military backpack. VRP (Aug. 23, 2012) at 328. Deputies also found a loaded 9 mm gun on the passenger's floorboard of Newkirk's vehicle. Newkirk testified that she purchased the gun for Aho as a gift, but did not purchase ammunition and had not yet given the gun to Aho.

Dkt. 8, Exhibit 23 (unpublished opinion) at 2.

The Washington Court of Appeals also described the jury selection procedures during trial.

On August 20, 2012, the parties conducted voir dire in open court. The following colloquy took place:

> [THE STATE]: Your Honor, I do have one challenge for[-]cause.
>
> THE COURT: All right. Why don't we do this. I am going to have you come back to chambers. I don't whisper well. So [counsel for both parties], if you would come back briefly and then we'll put it on the record later.
>
> (WHEREUPON, sidebar was had.)[1]
>
> THE COURT: All right. Juror No. 23, we thank you and you are excused from this panel. Thank you and report downstairs. Thank you.
>
> (WHEREUPON, juror leaves the courtroom.)

VRP (Aug. 20 & 21, 2012) at 102-03.

> The parties then exercised their peremptory challenges at sidebar by writing them on a pleading titled "Peremptory Challenges," which was filed with the trial court the same day. Clerk's Papers (CP) at 136.
>
> THE COURT: Counsel, if you would please approach.
>
> [DEFENSE COUNSEL]: The Court's numbering is off but we are in agreement.
>
> THE COURT: Okay. Let me see this. That's my copy and you're in agreement?
>
> [THE STATE]: Yes.

VRP (Aug. 20 & 21, 2012) at 103. Aho did not challenge this procedure.

Dkt. 8, Exhibit 23 at 3-4 & fn. 4.

---

[1] [footnote original no. 4] While the trial court invited counsel to chambers, there is no indication that the discussion was held in chambers and not in the courtroom. Additionally, Aho concedes that the discussion was held at sidebar and not in chambers noting, "[T]he holding of the for-cause challenge process at side-bar did *effectively* close that proceeding." Supp. Br. of Appellant at 3 (emphasis added).

### III. Procedural Background

Petitioner, through counsel, challenged his Pierce County Superior Court convictions and sentence on direct appeal.[2] Dkt. 8, Exhibits 7, 8, 9. On its own motion, the Washington Court of Appeals entered a stay of the appeal pending the Washington Supreme Court's decisions addressing public trial issues.[3] Dkt. 8, Exhibit 14. One year later, the Washington Court of Appeals lifted the stay and directed the parties to file supplemental briefs addressing the decision issued in *State v. Anderson,* 187 Wash App. 706 (2015).[4] Dkt. 8, Exhibit 15.

After the supplemental briefs were filed, Petitioner, through appellate counsel, filed his own motion to stay the appeal in order to investigate the record as to whether the challenge for cause to juror 23 occurred in a sidebar or in chambers, which the Washington Court of Appeals granted. Dkt. 8, Exhibits 19, 20. After speaking with the attorneys who appeared at trial, appellate counsel determined he was unable to "discern a supportable basis" to correct the trial court transcript and filed a motion to lift the stay, which the Washington Court of Appeals granted. Dkt. 8, Exhibits 21, 22.

On October 25, 2016, the Washington Court of Appeals affirmed Petitioner's convictions and rejected all his arguments. Dkt. 8, Exhibit 23 (unpublished opinion). Petitioner filed a motion

---

[2] Respondent concedes Petitioner exhausted the ground for relief raised in the Petition. *See* Dkt. 7 at 9. Therefore, as the sole ground for relief raised by Petitioner is properly before the Court for consideration of the merits, the Court will not discuss the specific grounds for relief raised on his direct appeal or in his state Personal Restraint Petition.

[3] The Washington Court of Appeals stayed the appeal pending the Washington Supreme Court's decisions in *State v. Smith,* No. 85809-8 and potentially the decisions in *State v. Love,* No 89619-4 and *State v. Dunn,* No 90238-1. Dkt. 8, Exhibit 14.

[4] After the Washington Court of Appeals directed supplemental briefing addressing *Anderson*, the Washington Supreme Court granted discretionary review in *Anderson* and remanded the case. *See State v. Anderson*, 184 Wash. 2d 1009 (2015). On remand, the Washington Court of Appeals vacated its earlier opinion and held no courtroom closure occurred and the defendant's right to public trial was not violated when the trial court considered the challenge for cause during a sidebar conference. *State v. Anderson*, 194 Wash. App 547 (2016).

REPORT AND RECOMMENDATION - 4

for reconsideration, which the Washington Court of Appeals denied. Dkt. 8, Exhibit 24, 26. Petitioner then sought discretionary review by the Washington Supreme Court. Dkt. 8, Exhibit 27. The Washington Supreme Court denied review without comment. Dkt. 8, Exhibit 30.

Petitioner, proceeding *pro se,* filed a personal restraint petition ("PRP") seeking state post-conviction relief. Dkt. 8, Exhibit 32. The Washington Court of Appeals denied the PRP. Dkt. 8, Exhibit 35. Petitioner sought discretionary review by the Washington Supreme Court. Dkt. 8, Exhibit 36. Petitioner also filed a motion to strike an appendix filed with the State's response. Dkt. 8, Exhibit 39, 40. On October 31, 2018, the Washington Supreme Court granted Petitioner's motion to strike and denied discretionary review, both without comment. Dkt. 8, Exhibit 41. The Washington Court of Appeals issued a certificate of finality on November 27, 2018. Dkt. 8, Exhibit 42.

On February 5, 2019 Petitioner filed his Petition raising one ground for relief, arguing his appellate counsel was ineffective when counsel conceded a challenge for cause to juror 23 during the jury selection process occurred in an in-court sidebar and not in the judge's chambers. Dkt. 3.

Respondent filed the Answer on April 8, 2019, maintaining the state court's adjudication of Petitioner's sole ground for relief was not contrary to, or an unreasonable application of, clearly established federal law. Dkts. 7 (Answer), 8 (state court record). Petitioner filed his Response on May 7, 2019.[5] Dkt. 9.

### EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

---

[5] Pursuant to Local Rule 7, Petitioner's Response was due on or before Monday, April 29, 2019. *See also* Dkt. 5 (Order Directing Service). However, Respondent does not dispute timeliness of the Response, *see* Dkt., therefore, the Court will consider the Response filed on May 7, 2019 in this Report and Recommendation.

1 hearing could enable an applicant to prove the petition's factual allegations, which, if true, would
2 entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is
3 available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the
4 state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the
5 allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It
6 follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas
7 relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Cullen*, 131 S.Ct.
8 1388. The Court finds it is not necessary to hold an evidentiary hearing in this case because
9 Petitioner's claim may be resolved on the existing state court record.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts "materially indistinguishable" from relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, under § 2254(d)(1), "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411; *see Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). An unreasonable

application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407. In addition, a state court decision involves an unreasonable application of Supreme Court precedent "'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Williams*, 529 U.S. at 407).

The Anti-Terrorism Effective Death Penalty Act ("AEDPA") requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Further, review of state court decisions under §2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 131 S. Ct. at 1398.

Petitioner alleges his appellate counsel was ineffective when counsel conceded the challenge for cause to juror 23 occurred in an in-court sidebar and not in the judge's chambers. Dkt. 3. Petitioner argues he would have prevailed on appeal if his appellate counsel would have listened to him that the conference was held in the judge's chambers. Dkt. 3 at 4-6; Dkt. 9 at 5-6.

The Court concludes the state appellate courts reasonably concluded the record did not demonstrate the trial court closed the jury selection process, and therefore Petitioner's appellate counsel was not ineffective by failing to raise the issue. Second, even if a closure occurred, Petitioner has not shown sufficient prejudice.

Claims of ineffective assistance of counsel on appeal are reviewed under a deferential standard similar to that established for trial counsel ineffectiveness in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Smith v. Murray*, 477 U.S.

1   527, 535 (1986). Under this standard, a petitioner challenging his appellate counsel's

2   performance must demonstrate (1) counsel's performance was unreasonable, which in the

3   appellate context requires a showing counsel acted unreasonably in failing to discover and brief a

4   meritorious issue, and (2) there is a reasonable probability, but for counsel's failure to raise the

5   issue, the petitioner would have prevailed on his appeal. *Smith v. Robbins*, 528 U.S. at 285–86;

6   *see also Wildman v. Johnson*, 261 F.3d 832, 841–42 (9th Cir. 2001); *Morrison v. Estelle*, 981

7   F.2d 425, 427 (9th Cir. 1992), *cert. denied*, 508 U.S. 920 (1993); *Miller v. Keeney*, 882 F.2d

8   1428, 1433–34 (9th Cir. 1989).

9         The presumption of reasonableness is even stronger for appellate counsel because he has

10  wider discretion than trial counsel in weeding out weaker issues; doing so is widely recognized

11  as one of the hallmarks of effective appellate assistance. *Miller,* 882 F.2d 1434. The exercise of

12  professional judgment in framing appellate issues makes it difficult to demonstrate counsel's

13  omission of a particular argument was deficient performance. *Smith v. Robbins*, 528 U.S. at 288.

14  Habeas relief is unavailable on a claim of appellate-counsel ineffectiveness unless the state

15  court's denial of the claim "was so lacking in justification that there was an error well understood

16  and comprehended in existing law beyond any possibility for fair[-]minded disagreement."

17  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

18        The state court denied Petitioner's ineffective assistance of appellate counsel, which he

19  raised in his PRP. Dkt. 8, Exhibit 32. The Washington Court of Appeals reasoned Petitioner had

20  not met the first prong of the *Strickland* standard, and it was not unreasonable for appellate

21  counsel to rely on the record, rather than Petitioner's version of the events, in presenting the

22  public trial claim on appeal:

23  > Here, the certified trial court record stated that the conference was held at sidebar. Aho claims that he informed appellate counsel that the conference was held

24

REPORT AND RECOMMENDATION - 8

|   |   |
|---|---|
| 1 | in chambers. But nothing in the appellate record showed that the conference was held in chambers. On appeal, appellate counsel could not rely on the information now contained in Aho's affidavit because it was not in the appellate record. On direct appeal, a court can consider only facts contained in the record. Claims based on matters outside the record must be raised in a personal restraint petition. As a result, it was not unreasonable for appellate counsel to rely on the record showing that the conference was held at sidebar in arguing Aho's appeal – counsel had no choice. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | Aho has not shown that his appellate counsel was deficient. Therefore, Aho is not entitled to relief on collateral review on this basis. |

Dkt. 8, Exhibit 35 at 3 (internal citations omitted). The Washington Court of Appeals did not address whether appellate counsel's performance met the second *Strickland* prong of prejudice. *See id.* The Washington Supreme Court denied discretionary review without comment. Dkt. 8, Exhibit 41.

The record supports the conclusion of the Washington Court of Appeals. First, although the trial court judge invited the parties to her chambers, the transcript does not reflect the judge ever instructed the parties to enter her chambers or that the parties left the courtroom. Dkt. 8, Exhibit 1 at 103. Rather, the transcript reflects a sidebar was held and the conference occurred in the courtroom, not in the judge's chambers. *See id.* The Clerk's minutes of the trial also state juror 23 was excused after a sidebar, not an in-chambers conference. Dkt. 8, Exhibit 4 at 4.

Second, appellate counsel took the appropriate steps when he determined the trial transcript was unclear. Petitioner contacted appellate counsel and indicated Petitioner recalled the challenge for cause to juror 23 occurred in chambers, not in a sidebar. Dkt. 8, Exhibit 19 at 2. In response, appellate counsel obtained a stay of the appeal to communicate with Petitioner's trial defense counsel and the prosecutor who appeared at trial to clarify or correct the trial court record, and if

necessary, file a supplemental brief with the Washington Court of Appeals.[6] Dkt. 8, Exhibit 19 at 2-5. After his discussions, appellate counsel determined he "was unable to discern a supportable basis to argue that the [trial court transcript] could be corrected." Dkt. 8, Exhibit 21 at 1. Thus, appellate counsel conceded the conference occurred at a sidebar but argued this effectively constituted a closure of the courtroom. Dkt. 8, Exhibits 16, 21, 22.

Counsel's strategic decisions are largely shielded from second-guessing by a reviewing court, and to the extent decisions can be second-guessed, Petitioner fails to show appellate counsels' decision to rely on the trial court transcript fell outside "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Smith v. Robbins*, 528 U.S. at 285. Appellate counsel did not simply ignore Petitioner's argument and version of the events. Instead, the record shows he investigated Petitioner's claim that an in-chambers conference occurred, but after inquiring with the attorney and prosecutor who appeared at trial, determined that there was no evidentiary basis for arguing the challenge for cause was heard in the judge's chambers. Appellate counsel continued to argue the sidebar effectively constituted a courtroom closure because the public could not hear what was being discussed. In the absence of any evidence that appellate counsel's reliance on the record was unreasonable, the Court concludes appellate counsel's performance did not fall below the objective standard of reasonableness and was therefore not deficient. *See Harrington*, 562 U.S. at 103. As such, the Court does not need to address the second prejudice prong. *Smith v. Robbins*, 528 U.S. at 285–86; *Strickland,* 466 U.S.

---

[6] Initially, appellate counsel argued the challenge for cause to juror 23 occurred in an in-chambers proceeding. Dkt. 8, Exhibit 10. After a stay imposed by the Washington Court of Appeals on its own motion pending the Washington Supreme Court's decisions in cases raising public trial issues, appellate counsel filed a supplemental brief addressing the recent decision in *State v. Anderson,* 187 Wash. App. 706 (2015). Dkt. 8, Exhibits 15-18. In the supplemental brief, appellate counsel argued the conference occurred in a sidebar, but this effectively closed the courtroom. Dkt. 8, Exhibit 16.

at 700 (the court need not address both the performance prong and the prejudice prong if the petitioner fails to make a sufficient showing of either).

Therefore, Petitioner has not demonstrated the state court's conclusion was contrary to, or an unreasonable application of, clearly established federal law, or was an unreasonable determination of the facts in light of the evidence presented at trial. Accordingly, the Court concludes petitioner's sole ground or relief be denied.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claim or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## CONCLUSION

For the above stated reasons, the Court recommends the Petition be denied. No evidentiary hearing is necessary and a certificate of appealability should be denied.

1       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

4 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June

6 28, 2019 as noted in the caption.

7       Dated this 31st day of May, 2019.

                                                                       David W. Christel
                                                                       United States Magistrate Judge