UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATHEW DAVID AHO,<br><br>                Petitioner,<br><br>    v.<br><br>MICHAEL OBENLAND,<br><br>                Respondent. | CASE NO. C19-5046 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND REQUESTING SUPPLEMENTAL BRIEFING |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 10, and Petitioner Mathew Aho's ("Aho") objections to the R&R, Dkt. 11.

On May 31, 2019, Judge Christel issued the R&R recommending that the Court deny Aho's petition on the merits. Dkt. 10. On June 11, 2019, Aho filed objections. Dkt. 11.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Aho presents two objections to the R&R. First, Aho argues that he is seeking relief under 28 U.S.C. § 2254(d)(2) contrary to the R&R's recommendation that

Aho failed to meet the standard under § 2254(d)(1).  Dkt. 11 at 2.  Although Aho's petition is unclear as to this issue, Aho's traverse cites § 2254(d)(2).  Dkt. 9 at 6.  Aho is correct that the R&R did not analyze his claim under this section, and therefore the Court will conduct a de novo review.  One of the problems with Aho's petition and arguments is that he confuses the basis for which he seeks relief, ineffective assistance of counsel ("IAC"), with the merits of the issue he alleges his counsel failed to effectively present and argue.  Regarding the IAC claim, his petition and arguments are without merit because his appellate counsel was *bound* by the trial court record on appeal.  *See* Dkt. 8-1 at 819 ("On direct appeal, a court can consider only facts contained in the record. Claims based on matters outside the record must be raised in a personal restraint petition. As a result, it was not unreasonable for appellate counsel to rely on the record showing that the conference was held at sidebar in arguing Aho's appeal – counsel had no choice.") (citations omitted).  Although Aho argues that his counsel was ineffective for not presenting Aho's declaration or other evidence in support of the allegation that the for-cause conversation occurred in the trial judge's chambers instead of at a sidebar, the state appellate court would have ignored the evidence because such evidence consisted of matters outside the trial record.  In short, counsel is not ineffective for failing to present evidence that would be ignored or argument that is based on evidence that would be ignored.  The Court reaches this conclusion regardless of whether the issue is analyzed under subsection 2254(d)(1) or (d)(2).

      Regarding the merits of the location of the for-cause conversation, Aho failed to explicitly present this ground for federal habeas review.  *See* Dkt. 5 (presenting one

ground for relief labeled as IAC). The merits claim, however, appears to be fully exhausted because the state court denied the claim in Aho's personal restraint petition. *See* Dkt. 8-1 at 818. Moreover, district courts should construe a pro se petitioner's petition and briefs liberally. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction."). The Court finds it at least debatable whether Aho's single claim could be construed as containing two subparts, one for IAC and one based on the merits of the for-cause issue. As such, the Court requests a supplemental answer addressing the potential claim that the alleged "in-chambers conference violated his right to a public trial." Dkt. 8-1 at 818.

The Court having considered the R&R, Aho's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED** to the extent that Aho's brings an IAC claim under subsection 2254(d)(1) or (d)(2) and Aho's petition is **DENIED** on that ground;

(2) The Government may file a supplemental answer no later than August 2, 2019;

(3) Aho may file a supplemental traverse no later than August 16, 2019; and

(4) The Clerk shall renote Aho's petition for consideration on August 16, 2019.

Dated this 17th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge